UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X

BENNIE GIBSON,

                Petitioner,

  -against-

WARDEN RIKERS ISLAND,

                Respondent.
-----------------------------X

**ORDER**
14-CV-4232 (KAM)

**MATSUMOTO, United States District Judge:**

      On July 7, 2014, petitioner Bennie Gibson, presently incarcerated at Rikers Island Correctional Facility, commenced this *pro se* action, which the court construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 at the time of filing. Petitioner's submission did not include the requisite filing fee required to commence the action. By letter from the Clerk of Court dated July 10, 2014, and entered July 11, 2014, petitioner was provided with an *in forma pauperis* ("IFP") application form and was instructed that in order to proceed, petitioner must return the completed IFP application or pay the five dollar fee within 14 days from receipt of the clerk's letter. (ECF No. 2.)

      By letter dated July 15, 2014, and entered July 24, 2014, petitioner stated that he did not file a § 2254 petition with the Court, and requested a copy of the petition. (ECF No. 3). On July 28, 2014, the Clerk of Court received a letter from

petitioner dated May 31, 2014, requesting permission to "file a fed writ." (ECF No. 4.) Accordingly, by order dated September 24, 2014, petitioner was informed that he must pay the five dollar filing fee or file an IFP application if he wished to pursue this action. (ECF No. 5.) Alternatively, petitioner was informed that if he wishes to withdraw his petition he should make his request in writing. *Id.*

On October 6, 2014, the Court received a letter from petitioner stating that "[i]t would be futile to file a 28 USCA 2254 Writ without allowing state a chance to remedy." (*See* ECF No. 6, Letter from Petitioner dated October 1, 2014.) Petitioner further states that the court "[s]omehow . . . considered a letter a Writ."  (*Id.*)

Given petitioner's conflicting statements whether he wishes to file and pursue a writ of habeas corpus, the Court, by order dated October 29, 2014, directed petitioner to notify the Court in writing within 30 days if he would like to withdraw his July 7, 2014 submission. (ECF No. 7.) Petitioner was further informed that if did not wish to withdraw the action, he must pay the five dollar filing fee or file an IFP application. Finally, petitioner was informed that failure to comply with the Court's order would result in dismissal of the action without prejudice.

On November 3, 2014, the Court received a letter from

petitioner which was not responsive to the Court's prior order, attaching a copy of petitioner's notice of appeal pursuant to C.P.L. § 460.15 to the Appellate Division of the Supreme Court of New York. (ECF No. 8.)

It is still unclear to the Court if petitioner wishes to file and pursue a petition for a writ of habeas corpus, or if he wishes to withdraw the action. To the extent that plaintiff seeks to file a writ of habeas corpus, he still failed to pay the five-dollar filing fee or file an IFP application as previously directed. Despite being given several opportunities to inform the Court as to how he wishes to proceed with this action, petitioner has failed to do so. Accordingly, petitioner's action is dismissed without prejudice.[1] The Clerk

---

[1] Petitioner is reminded that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act") signed into law on April 24, 1996, provides in relevant part that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

of Court is respectfully directed to close this action and mail a copy of this order to petitioner at his last known address.

**SO ORDERED.**

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge

Dated:   December 9, 2014
         Brooklyn, New York

---

    or

    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d); *see Lindh v. Murphy*, 521 U.S.320, 327 (1997) (interpreting § 2244 to apply "to the general run of habeas cases . . . when those cases had been filed after the date of the Act.").